**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| CYNTHIA OYEBANJI, | Civil No.: 20-cv-8983 (KSH) (CLW) |
| *Plaintiff*, | |
| v. | |
| PALMETTO VACATION RENTALS LLC, KURT SCHULTZ, SANDRA SCHULTZ, and JOHN DOE, B TO Z, individually, jointly and/or severally, | **OPINION** |
| *Defendants*. | |

**Katharine S. Hayden, U.S.D.J.**

## I.    Introduction

Plaintiff Cynthia Obeyanji has brought this negligence suit based on her fall at a South Carolina property owned by defendants Kurt and Sandra Schultz and managed by defendant Palmetto Vacation Rentals LLC.  Palmetto has moved to dismiss the amended complaint under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.  The motion is fully briefed, and the Court decides it without oral argument.

## II.    Background

According to the allegations in the amended complaint, on July 19, 2018, Oyebanji fell and suffered injuries while at a property in South Carolina owned by the Schultzes and managed by Palmetto.  (D.E. 21, Am. Compl. ¶¶ 3, 5-6, 8-9.)  She alleges that defendants "so negligently managed, owned, operated, possessed and/or maintained those premises so as to" cause her fall. (*Id.* ¶ 8.)  The complaint supplies no additional factual assertions about the circumstances of the fall.

Oyebanji, a New Jersey resident, sued Palmetto on July 15, 2020, relying on diversity

jurisdiction.  (D.E. 1.)  She was later granted leave to file the amended complaint adding the Schultzes as defendants, which she did on January 21, 2021.  (D.E. 20, 21.)  The docket reflects no proof of service upon the Schultzes and it appears they have not, in fact, been served.  (*See* D.E. 32.)

Palmetto has now moved to dismiss the action against it for lack of personal jurisdiction, arguing that it is a South Carolina entity that conducts no business in New Jersey.  (D.E. 24-5, Moving Br.)  In her Declaration in Support, Palmetto's attorney offers the alternative that "this matter should be removed to the United States District Court for South Carolina," which the Court construes as a request to transfer the case there.  (D.E. 24-1, Gieser Decl. ¶ 6.)  Oyebanji counters that the Court has personal jurisdiction over Palmetto because it engages in nationwide marketing and accepts bookings through its internet website.  (D.E. 25, Opp. Br.)

## III.   Personal Jurisdiction

### A.  Standard of Review

When personal jurisdiction is challenged by a defendant, it is the plaintiff's burden to establish the existence of jurisdiction by a preponderance of the evidence, using sworn affidavits or other competent evidence.  *Cerciello v. Canale*, 563 F. App'x 924, 925 n.1 (3d Cir. 2014) (quoting *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992)); *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 101 n.6 (3d Cir. 2004)).  "[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a *prima facie* case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor."  *Miller*, 384 F.3d at 97.  If the plaintiff makes out a *prima facie* case of personal jurisdiction, the defendant "must present a compelling case that the presence of some other

considerations would render jurisdiction unreasonable." *Carteret Sav. Bank*, 954 F.2d at 150 (internal quotation marks and citation omitted).

"A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law." *Miller*, 384 F.3d at 96 (citing Fed. R. Civ. P. 4(e)).  In New Jersey, the long-arm statute provides for jurisdiction co-extensive with the limits of due process under the Fourteenth Amendment.  *Id.*  Due process, in turn, requires that the defendant have sufficient minimum contacts with New Jersey such that maintaining the suit "does not offend traditional notions of fair play and substantial justice."  *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Personal jurisdiction may be established based on either general or specific jurisdiction. General jurisdiction exists if the defendant is subject to suit in the forum state with respect to all causes of action, whereas specific jurisdiction requires a sufficient connection between the defendant's contacts with the forum and the asserted cause of action.  *O'Connor*, 496 F.3d at 317. General jurisdiction requires continuous and systematic contacts with the forum state, while "[s]pecific jurisdiction permits the exercise of personal jurisdiction over [a] non-resident defendant only if the plaintiff's claims 'arise out of or relate to' the defendant's forum contacts."  *Miller*, 384 F.3d at 101.

**B. Discussion**

Here, Oyebanji has not established a *prima facie* case for either general or specific jurisdiction.  First, she has not demonstrated that Palmetto's contacts with New Jersey are "continuous and systematic" such that the Court may assert general personal jurisdiction over it.[1]

---

[1] In their motion papers, the parties refer to Palmetto as both a "limited liability company" and a "corporation."  As will be apparent, the distinction is immaterial to the Court's conclusion.

A corporation is subject to general jurisdiction in a forum state only where its "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (alteration in original) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Typically, that means the corporation is subject to general jurisdiction in the state of its incorporation and in which its principal place of business is located. *See id.* at 137; *accord Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 563 (3d Cir. 2017). It is "incredibly difficult to establish general jurisdiction [over a corporation] in a forum *other* than the place of incorporation or principal place of business." *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 223 (3d Cir. 2016) (en banc) (alteration in original) (quoting *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014)). The same approach applies to limited liability companies. *See Tri-Union Seafoods, LLC v. Ecuatorianita Imp. & Exp. Corp*, Civ. No. 20-9537, 2021 WL 1541054, at *3 (D.N.J. Apr. 20, 2021) (Vazquez, J.) (for purposes of establishing general personal jurisdiction, the citizenship of a corporation or limited liability company is that of its principal place of business and state of formation or incorporation).

Oyebanji's amended complaint pleads that Palmetto is "a business entity of the State of South Carolina" with a principal business address in South Carolina. (Am. Compl. ¶ 2.) It is therefore not "essentially at home" in a New Jersey forum, and this Court lacks general jurisdiction over it. Furthermore, according to the affidavit of Leonard Lashower, Palmetto's President, Palmetto has neither conducted business in New Jersey nor advertised in or targeted business from New Jersey. (D.E. 24-4, Lashower Aff. ¶ 8.) Oyebanji has failed to offer any evidence to rebut that sworn assertion. Accordingly, there is no basis upon which the Court can conclude that Palmetto's contacts with New Jersey are "continuous and systematic" in a manner that would suffice for general jurisdiction here.

Turning, then, to whether specific jurisdiction lies, the Court must conduct a three-part inquiry: "[f]irst, the defendant must have 'purposefully directed . . . activities' at the forum," or purposely availed itself of "the privilege of conducting activities within the forum"; second, "the litigation must 'arise out of or relate to' at least one of those activities"; and "third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise 'comport[s] with "fair play and substantial justice."'"   *O'Connor*, 496 F.3d at 317 (internal citations omitted).

Oyebanji's allegations fall far short of demonstrating a *prima facie* case of specific personal jurisdiction – indeed, they fail at the first step of the inquiry because there is no indication that Palmetto directed *any* activities at New Jersey.  Oyebanji argues that Palmetto directed its activities at the forum by virtue of its "aggressive advertising nationwide."  (Opp Br. at 5.)  But absent evidence that Palmetto targeted its advertising efforts at New Jersey in particular, specific jurisdiction will not lie.  *See Benitez v JMC Recycling Sys., Ltd.*, 97 F. Supp. 3d 576, 583 (D.N.J. 2015) ("[T]argeting the national market is *not* enough to impute jurisdiction to all the forum states.") (internal quotation marks and citation omitted).  The fact that Palmetto transacts its business on a website that can potentially be accessed by New Jersey residents, like Oyebanji, does not change the calculus, and courts in this district have squarely rejected that argument.  *See Kim v. Korean Air Lines Co.*, 513 F. Supp. 3d 462, 470-71 (D.N.J. 2021) (website did not "qualify as a sufficient contact with New Jersey," where website "is a general website that is available to anyone, anywhere" and plaintiff failed to present evidence that "the website targets New Jersey consumers"); *Lozinski v. Black Bear Lodge, LLC*, Civ. No. 16-7963, 2017 WL 1380416, at *4 (D.N.J. Apr. 10, 2017) (McNulty, J.) (no specific jurisdiction over defendant in New Jersey, where defendant "conduct[s] business, in part, by making rental units available to . . . out of state citizens,

including Plaintiffs, as citizens of New Jersey, through advertising and offerings posted on internet websites") (alteration in original); *Harris v. Sportbike Track Gear*, Civ. No. 13-6527, 2015 WL 5648710, at *7 (D.N.J. Sept. 24, 2015) (Linares, J.) ("[T]he fact that New Jersey residents could have viewed [the defendant's] website or social media platforms . . . is not enough to assert personal jurisdiction over [the defendant]."). Indeed, absent evidence that the defendant "purposefully availed" itself of the forum, "the mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world." *Toys "R" Us Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003).

## IV.   Transfer

### A.  Standard of Review

The Court's lack of personal jurisdiction does not, however, end the matter, because "a district court that lacks personal jurisdiction must at least consider a transfer." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020); *see also* 28 U.S.C. § 1631. Although the parties' briefing offers little to facilitate this inquiry – Palmetto merely suggests, without elaboration or analysis, that the Court "remove" this case to the District of South Carolina if it declines to dismiss, and Oyebanji is altogether silent on the issue – the Court may order transfer whether on the parties' request or on its own initiative. *Id.*

A court may transfer a case when: (1) the transferee court would have personal jurisdiction over the defendants, and (2) a transfer is in the interests of justice. *See D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 106-07 (3d Cir. 2009) (quoting 28 U.S.C. § 1631). South Carolina law determines whether the District of South Carolina could exercise jurisdiction over these defendants. A federal court sitting in South Carolina has jurisdiction over the parties to the extent authorized by South Carolina law. *See Guerry v. Stirling*, Civ. No. 20-1621, 2020 WL

6

9071703, at *2 (D.S.C. Sept. 25, 2020).  "South Carolina's long-arm statute has been interpreted to reach the outer bounds permitted by the Due Process Clause."  *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997)).  Accordingly, as under New Jersey law, the question is whether the defendants have sufficient "minimum contacts with [South Carolina] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Id.* (alteration in original) (quoting *Int'l Shoe*, 326 U.S. at 316).

Personal jurisdiction may arise under South Carolina law through either specific or general jurisdiction.  *See ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711 (4th Cir. 2002).  To determine whether specific jurisdiction exists, courts should examine "(1) the extent to which the defendant 'purposefully avail[ed]' itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'"  *Id.* at 712 (alteration in original).  General jurisdiction, on the other hand, exists when the defendant's activities in the state are "continuous and systematic."  *Id.*

### B.  Discussion

Transfer to the District of South Carolina is appropriate here.  As stated previously, Palmetto is a business entity organized under South Carolina law with a principal business address in South Carolina, and, accordingly, is subject to general personal jurisdiction there.[2]  *See, e.g.,*

---

[2] As noted earlier, the individual defendants have not been served, despite the passage of approximately seven months since they were named in this action.  (*See* D.E. 21.)  This is well beyond the 90-day deadline for service under Fed. R. Civ. P. 4(m), putting Oyebanji's claims against them at risk of dismissal under the rule.  Even assuming they were properly served, however, based on the complaint allegations, it appears the transferee court could exercise personal jurisdiction over them given that: (1) they purposefully availed themselves of the privilege of owning property in South Carolina, and (2) their South Carolina property is the situs of Oyebanji's cause of action.  *See Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009) ("whether the defendant owns property in the forum state" is a factor the

*MJM Yachts, LLC v. Ram Invs. of S. Fla., Inc.*, Civ. No. 21-906, 2021 WL 2418462, at *5 (D.S.C. June 11, 2021) (citing *Daimler,* 571 U.S. at 137-39).  Furthermore, the interests of justice weigh in favor of transferring this case rather than dismissing it and "forc[ing]" Oyebanji to "refile and restart in another jurisdiction."  *Lozinski*, 2017 WL 1380416, at *4 (internal quotation marks and citation omitted).  Transfer is particularly appropriate given that based on the allegations in the amended complaint, Oyebanji may be time barred from refiling her negligence action in South Carolina.  *Cf. Danziger*, 948 F.3d at 133 ("If a plaintiff may, on its own, refile its case in a proper forum, 'the interests of justice' do not demand transfer.").

Accordingly, transfer to the District of South Carolina—as opposed to dismissal of this action—serves the interests of justice.

## V.     Conclusion

For the foregoing reasons, Palmetto's motion to dismiss for lack of personal jurisdiction, which seeks the alternative remedy of transfer, will be granted in part and denied in part.  The motion will be granted insofar as the Court lacks jurisdiction and will transfer the case to the District of South Carolina, and denied insofar as Palmetto seeks dismissal.  An appropriate order will issue.

/s/ Katharine S. Hayden
Date: August 20, 2021                                    Katharine S. Hayden, U.S.D.J.

---

court may consider in assessing whether the defendant purposefully availed itself of the forum for specific jurisdiction purposes).  The ultimate determination is, of course, a matter for the transferee court; this Court simply concludes that the status of the individual defendants does not preclude transfer.  *See, e.g.*, *Woodson v. FullBeauty Brands*, Civ. No. 20-11117, 2021 WL 1214551, at *2 (McNulty, J.) (D.N.J. Mar. 31, 2021) (transfer was in the "interests of justice" where defendant had not yet been served).